J-A18039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STANLEY JOSEPH ZUKOS, JR., | |
| Appellant | No. 1929 MDA 2014 |

Appeal from the Order October 14, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-SA-0000064-2013-CP-40-SA-0000236-
2014-CP-40-SA-0000237-2014

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY STEVENS, P.J.E.:          **FILED AUGUST 09, 2016**

Appellant, Stanley Joseph Zukos, Jr., appeals from the Order entered in the Court of Common Pleas of Luzerne County on October 10, 2014, dismissing his summary appeals of his convictions for violations of Driving while operating privileges were suspended or revoked, 75 Pa.C.S.A. § 1543(a).  Upon our review, we vacate and remand with instructions.

By way of background, on February 24, 2011, Appellant filed a notice of appeal in a separate matter from PennDOT's suspension of his driver's license.  A hearing was scheduled in that case before the Honorable Joseph F. Sklarosky, Jr., on October 20, 2014; however, it never occurred.

_____

[*]Former Justice specially assigned to the Superior Court.

The instant matter concerns Appellant's appeal of three, separate summary citations for driving with a suspended license. The cases were consolidated and argument was held before the Honorable Senior Judge Hugh F. Mundy on September 17, 2014. At that time, Appellant averred a supersedeas was in effect in accordance with 75 Pa.C.S.A. § 1550(b)(1),[1] and that Judge Mundy did not have jurisdiction to rule on the summary appeals until Judge Sklarosky issued a determination in his pending appeal of his driver's license suspension.

In his Order of October 10, 2014, issued ten days prior to the scheduled hearing in the driver's license suspension matter, Judge Mundy determined Appellant's appeal therein had been untimely filed and held Section 1550 of the Vehicle Code was, therefore, inapplicable to the within matter. Specifically, Judge Mundy noted that PennDOT mailed the Notice of Suspension of Driving Privileges to Appellant on January 21, 2011, and indicated that Appellant had the right to appeal that action to the trial court within 30 days of that date, or by February 21, 2011, but he failed to do so

---

[1] This statute reads as follows:
> **(b) Supersedeas.--**
>     (1) (i) Except as provided in subparagraphs (ii) and (iii), filing and service of a petition for appeal from a suspension or revocation shall operate as a supersedeas until final determination of the matter by the court vested with the jurisdiction of such appeals.

75 Pa.C.S.A. § 1550(b)(1).

until February 24, 2011. *See* Findings of Fact and Conclusions of Law, 10/10/14, at ¶¶ 12-14. Thus, Judge Mundy concluded the supersedeas had not been in effect at the time Appellant was charged with the various offenses under Section 1543(a) of the Vehicle Code. *Id*. at ¶¶ 15, 17.

Appellant filed a timely notice of appeal with this Court on November 10, 2014. In his brief, Appellant presents the following question for our review:

> WHETHER THE TRIAL COURT COMMITTED AN ERROR OF LAW OR ABUSED ITS DISCRETION IN DISMISSING AN APPEAL FROM SUMMARY TRAFFIC OFFENSES WHEN THERE WAS A COLLATERAL HEARING SCHEDULED BEFORE ANOTHER COURT AND WHEN THE INSTANT TRIAL COURT DID NOT HAVE JURISDICTION TO HEAR THE APPEAL FROM THE APPEAL FROM THE PENNSYLVANIA DEPARTMENT OF TRANSPORTATION?

Brief of Appellant at 3.

Appellant stresses that PennDOT which is not a party in the instant matter bears the burden of proof in a driver's license suspension appeal and concludes that if there had been no suspension of his driver's license, the citations under Section 1543(a) would be dismissed. Appellant acknowledges Judge Mundy found that the notice of appeal in the driver's license suspension matter had been untimely filed but argues that the issue of timeliness therein should have been considered only after a hearing on the merits and that Judge Mundy did not have jurisdiction over that pending collateral appeal.

Appellant further states that even assuming the Commonwealth is correct that a trial court has jurisdiction over matters brought outside of the

thirty-day appeal period only where the appealing party requests a *nunc pro tunc* appeal, there was no need to do so herein, because a hearing on the license suspension matter had been scheduled and counsel for PennDOT previously had entered their appearance. As such, Appellant posits that once he filed and served his appeal in his driver's license suspension case, a supersedeas had been in effect under 75 P.S. § 1550(b)(1); therefore, Judge Mundy abused his discretion and committed a clear error of law in dismissing his summary appeals. Brief of Appellant at 8-10.

Based upon the foregoing, we conclude Judge Mundy erred when he issued his decision herein which effectively deprived Appellant of a hearing to determine the condition precedent of his summary convictions- namely, whether Appellant's driver's license properly had been suspended. It is undisputed herein that Appellant filed a notice of appeal in that matter on February 24, 2011, and a hearing on that appeal had been scheduled, for October 14, 2014, although it never was held. In addition, Judge Mundy heard no testimony on September 17, 2014. Accordingly, we vacate the Judge Mundy's October 10, 2014, Order and remand to the trial court to conduct a hearing in the driver's license suspension matter, at which time the timeliness and merits of Appellant's appeal in that case may be explored. Thereafter, the trial court shall issue an order on Appellant's summary appeals of his convictions under Pa.C.S.A. § 1543(a) at issue herein.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/9/2016</u>